**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

TESHA N. REEVES,                                    )
                                                   )
                    Plaintiff,                      )
                                                   )
            v.                                      )          No. 4:25-cv-01476-RWS
                                                   )
GARDA WORLD,                                        )
                                                   )
                    Defendant.                      )

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on (1) Plaintiff's motion for appointment of counsel (Doc. 3), and (2) Plaintiff's filing of her "EEOC Inquiry" (Doc. 5).  For the following reasons, the Court denies without prejudice Plaintiff's motion to appoint counsel and grants her an additional 14 days to file her EEOC Charge of Discrimination.

In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).  Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim.  *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time.  Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court.  Additionally, neither the factual nor the legal issues in this case appear to be complex.  The Court will entertain future motions for appointment of counsel as the case progresses.

Additionally, the Court had ordered Plaintiff to submit a copy of her EEOC Charge of Discrimination.  On October 14, 2025, Plaintiff filed a document titled "EEOC (Inquiry) Number: 560-2025-02277."  Doc. 5.  This document is not the EEOC Charge of Discrimination.  Because Plaintiff is proceeding pro se, the Court will grant her an additional 14 days to supplement the complaint by submitting a copy of her EEOC Charge of Discrimination.

Accordingly,

**IT IS HEREBY ORDERED** Plaintiff's motion for appointment of counsel is **DENIED** without prejudice.  (Doc. 3)

**IT IS FURTHER ORDERED** that Plaintiff shall submit a copy of her EEOC Charge of Discrimination within 14 days of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's failure to comply with this Court's Order may result in a dismissal of this action without prejudice.

Dated this 7th day of January, 2026.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE