**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TESHA N. REEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-01476-RWS |
| | ) | |
| GARDA WORLD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on initial review of self-represented Plaintiff Tesha N. Reeves' employment discrimination action.  Because Plaintiff is proceeding *in forma pauperis*, the Court is required to conduct an initial review of her case and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B); *Carter v. Schafer*, 273 F. App'x 581 (8th Cir. 2008).  Having carefully reviewed and liberally construed Plaintiff's complaint, the Court dismisses it for failure to state a claim upon which relief may be granted.

### Legal Standard on Initial Review

To state an employment discrimination claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  The Court must "accept as true the facts alleged, but not legal

conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

### The Complaint

Plaintiff brings this action against her employer Defendant Garda World under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act (ADEA) for alleged discrimination based on her gender and age. Doc. 1 at 1, 5. In her statement of her claim, she states that her supervisor Ryan Mayberry asked her to spy on a fellow employee because he was suspicious the employee was stealing company time. Plaintiff refused to do so. Plaintiff states that Mayberry began limiting her work hours, controlling her work schedule, and would not allow her to "see any day shift on ehub portal." *Id.* at 4. She alleges that he also required her to contact him if she needed to take herself off the schedule. She said this was done "because I wasn't complicit in spying on an employee for him," and "because he's feeling some type of way with me." Doc. 1 at 4, 6. Plaintiff also alleges that she tried to leave her post after her shift ended, and

"it was another issue with Ryan Mayberry telling me he's not scare[d] of a confrontation Tesha nor scared to take actions against you it's a new sheriff in town and things will be changed." *Id.* at 6.

## Discussion

Plaintiff's complaint fails to state a claim under Title VII and the ADEA because she has not alleged any discriminatory acts based upon her gender or age.  To allege gender discrimination under Title VII, Plaintiff must allege that (1) she belongs to a protected group, (2) she was meeting her employer's legitimate job expectations, (3) she suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination.  *Warmington v. Bd. of Regents Univ. of Minn.*, 998 F.3d 789 (8th Cir. 2021) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).  Plaintiff has not alleged the fourth element required in a Title VII case, that any alleged discriminatory action was taken because of her gender.  She states that Mayberry took adverse action against her because she would not alert him regarding whether her fellow employee was stealing company time.  Plaintiff has not connected any alleged adverse action to her gender.

As for her ADEA claim, "[t]o establish a prima facie case, a plaintiff must show she (1) was at least forty years old, (2) suffered an adverse employment action, (3) was meeting [her] employer's legitimate expectations at the time of the adverse employment action, and (4) was replaced by someone substantially younger." *Starkey v. Amber Enters., Inc.*, 987 F.3d 758, 763-64 (8th Cir. 2021) (internal quotations omitted).  Again, Plaintiff alleges in her complaint that Mayberry took adverse action against her because she would not spy on another employee.  She has not connected any allegedly adverse employment action to her age.

3

Because Plaintiff has not alleged any gender or age discrimination in violation of Title VII or the ADEA, her employment discrimination claim must be dismissed for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** Plaintiff's claims against Defendant Garda World are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this   22nd   day of May, 2026.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE